IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAUL A. PALMER, JR.,

   Plaintiff,

v.

GEORGIA CVS PHARMACY, LLC,

   Defendant.

Civil Action No.
1:19-cv-03178-SDG

### ORDER

This matter is before the Court on a motion for summary judgment [ECF 51] and motion for oral argument [ECF 54] filed by Defendant Georgia CVS Pharmacy, LLC (CVS) and a motion for sanctions based on the spoliation of evidence by Plaintiff Paul A. Palmer, Jr. [ECF 70]. For the following reasons, CVS's motion for summary judgment is **GRANTED**; CVS's motion for oral argument is **DENIED as moot**; and Palmer's motion for sanctions is **DENIED**.

### I.  BACKGROUND

As an initial matter, the Local Rules of this Court require a nonmovant responding to a motion for summary judgment to "respon[d] to the movant's statement of undisputed material facts . . . [that] shall contain individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts." LR 56(B)(2), NDGa. If a

nonmovant does not file a proper response or objection to each specific fact, the Court deems the movant's facts to be admitted. *Id.* at 56.1(B)(2)(a)(2). This rule applies equally to *pro se* parties. *E.g., Middlebrooks v. Experian Info. Sols., Inc.*, No. 1:18-cv-2720-SCJ-JSA, 2019 WL 8376270, at *4 (N.D. Ga. Dec. 19, 2019). Palmer did not file a separately numbered response to CVS's material facts or submit his own. Thus, the Court deems CVS's material facts admitted. Nonetheless, the Court must still "review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009).

On November 24, 2018, Palmer visited a CVS retail store located in Alpharetta, Georgia.[1] Palmer entered the store and immediately walked to the register to load funds onto a prepaid gift card.[2] After he completed this transaction, Palmer turned to walk out of the store, tripped over a "protruded part of the store counter," and hit his left knee on the edge of the counter.[3] Palmer then exited the store under his own power.[4] On April 23, 2019, Palmer initiated this action in the

---

[1]   ECF 51-13, ¶ 1.

[2]   *Id.* ¶ 2.

[3]   *Id.* ¶ 3.

[4]   *Id.*

Superior Court of Gwinnett County.[5] CVS removed the action to this Court on July 12, 2019.[6] On January 10, 2020, Palmer filed an Amended Complaint, asserting a single negligence claim against CVS based on a theory of premises liability.[7] Palmer seeks compensatory damages for his past and future medical bills, pain and suffering, loss of consortium, disfigurement, and loss of enjoyment of life, as well as punitive damages.[8]

On March 6, 2020, CVS filed its motion for summary judgment and a corollary request for oral argument.[9] Palmer filed a response to both motions on March 27.[10] CVS filed its reply on April 9.[11] On April 22, Palmer filed a motion for sanctions based on the spoliation of evidence.[12] CVS filed a response to that motion on July 2.[13] Palmer did not file a reply.

---

[5]   ECF 1-1.
[6]   ECF 1.
[7]   ECF 40.
[8]   *Id.*
[9]   ECF 51; ECF 54.
[10]  ECF 58; ECF 59.
[11]  ECF 63.
[12]  ECF 70.
[13]  ECF 73.

## II.     LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment has the initial burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, the non-movant must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324. A fact is considered "material" only if it may "affect the outcome of the suit under the governing law." *BBX Cap. v. Fed. Deposit Ins. Corp.*, 956 F.3d 1304, 1314 (11th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is "genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 1314 (citing *Anderson*, 477 U.S. at 248) (punctuation omitted).

In opposing a motion for summary judgment, the non-movant "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Sears v. Roberts*, 922 F.3d 1199, 1207 (11th Cir. 2019). If the non-movant relies on evidence that is "merely

colorable, or is not significantly probative, summary judgment may be granted." *Likes v. DHL Express (USA), Inc.*, 787 F.3d 1096, 1098 (11th Cir. 2015). *See also Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."); *Anderson*, 477 U.S. at 247–48 ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion.").

However, the Court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Sears*, 922 F.3d at 1205 (citing *Anderson*, 477 U.S. at 249). The Court must view the evidence in a "light most favorable to the party opposing summary judgment" and "draw[ ] all justifiable inferences in the opposing party's favor." *Rogers v. Mentor Corp.*, 682 F. App'x 701, 708 (11th Cir. 2017). *See also Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) ("Credibility determinations, the weighing of

the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (quoting *Anderson*, 477 U.S. at 255).[14]

## III. DISCUSSION

### a. *Pro Se* Parties

The Court recognizes that Palmer is appearing *pro se*. Thus, the Court must "liberally construe[ ]" documents filed by Palmer, holding them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (internal quotation marks omitted). *See also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* [ ] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must

---

[14] The Court notes that the only evidence submitted by Palmer is (1) unauthenticated exhibits comprising photographs displaying parts of his body and (2) various CVS stores in different locations. This is insufficient, even for a litigant proceeding *pro se*, to properly oppose a motion for summary judgment. *Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 113 (11th Cir. 2010) (holding that, in case with *pro se* plaintiff, "[t]o be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence"). Nevertheless, the Court will consider Palmer's evidence where applicable.

apply does not mean the normal summary judgment standard is discarded; nor can the Court accept factual averments completely unsupported by the record. *E.g., Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir. 2013) ("Although a *pro se* complaint is entitled to a less strict interpretation, a *pro se* plaintiff is not excused from meeting the essential burden of establishing that there is a genuine issue as to a fact material to his case. When a nonmoving party's response consists of nothing more than conclusory allegations, summary judgment is not only proper but required.") (citation and punctuation omitted); *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) ("[A] *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment.").

### b. Analysis

Palmer asserts one negligence claim against CVS based on a theory of premises liability. "It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." *Goldstein, Garber & Salama, LLC v. J.B.*, 300 Ga. 840, 841 (2017). Pursuant to Georgia law, the owner or occupier of real property owes a duty to its invitees to exercise ordinary care in keeping its premises safe.

O.C.G.A. § 51-3-1. However, "[i]n premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor." *Sunlink Health Sys., Inc. v. Pettigrew*, 286 Ga. App. 339, 341 (2007). *See also Lee v. Food Lion*, 243 Ga. App. 819, 820 (2000) ("[A]n owner or occupier of land is not an insurer of the safety of its invitees. The mere occurrence of an injury does not create a presumption of negligence.") (citation omitted). According to the Georgia Supreme Court:

> Premises liability lies at the intersection of tort law and property law. To recover on a theory of premises liability, a plaintiff must show injury caused by a hazard on an owner or occupier of land's premises or approaches that the owner or occupier should have removed in the exercise of ordinary care for the safety of the invited public. When a premises liability cause of action is based on a "trip and fall" or "slip and fall" claim—and the lion's share of premises liability cases are—we have refined this general test down to two specific elements. The plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control.

*Am. Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444 (2009). *See also Robinson v. Kroger Co.*, 268 Ga. 735, 748 (1997). Although summary judgment is only appropriate in premises liability cases "when the evidence is plain, palpable, and undisputed"—*Robinson*, 268 Ga. at 748—"[w]hen the record lacks evidence sufficient to create a

genuine issue as to any essential element of a plaintiff's [premises liability] claim, that claim tumbles like a house of cards." *Flagstar Enters., Inc. v. Burch*, 267 Ga. App. 856, 858 (2004).

CVS argues it is entitled to summary judgment because Palmer has not presented evidence that: (1) the counter constituted an unreasonable hazard; (2) CVS had knowledge of the hazard; and (3) Palmer did not have equal knowledge of the hazard, which was open and obvious. The Court discusses each argument in turn.

### *i.* **Existence of a Hazardous Condition**

"Whether a hazardous condition exists is the threshold question in a slip and fall case." *Drew v. Istar Fin., Inc.*, 291 Ga. App. 323, 325 (2008). "Where the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven." *Glynn-Brunswick Mem'l Hosp. Auth. v. Benton*, 303 Ga. App. 305, 307 (2010). *See also Metts v. Wal-Mart Stores, Inc.*, 269 Ga. App. 366, 367 (2004) ("Without evidence of the existence of a dangerous condition, there can be no evidence that the defendant had any knowledge of the danger, and therefore no recovery for the plaintiff."). To defeat summary judgment, the

plaintiff has the burden to "prove that the condition . . . constituted an unreasonable hazard." *Flagstar*, 267 Ga. App. at 858.

According to Palmer, the CVS counter constituted an unreasonable hazard because it "was loose, protrudes out and below knee level and not in [his] plain view."[15] Palmer also states that some unidentified person at CVS had previously placed tape on a portion of the counter.[16] Viewing the evidence in a light most favorable to Palmer, he fails to raise a genuine issue of fact that the store counter constituted an unreasonable hazard. The corner of the structure is built at a downward angle, with the outermost edge slopping downwards from the top less than five inches.[17] The counter is painted red and neither party presents evidence showing an object concealing its outermost edge. At best, Palmer points to the items displayed by CVS inside the counter as an obstruction. But he points to no evidence showing the counter constituted anything more than a structure that each and every customer must safely walk around to transact business. Georgia

---

[15] ECF 59, at 4. *See also id.* at 11 ("The Plaintiff tripped over the defective end of the counter that was loose, leaning forward, with a protrusion. The counter was hazardous and defective with shelves not connected to [the] end part of [the] counter.").

[16] *Id.* at 8.

[17] ECF 51-3–ECF 51-11; ECF 59, at 35 (Palmer's Ex. P).

law is clear that "in everyday life, persons are required to negotiate floors, steps, and doorways." *D'Elia v. Phillips Edison & Co., Ltd.*, 354 Ga. App. 696, 699 (2020). Georgia federal and state courts routinely grant summary judgment in similar cases based on a lack of evidence showing a hazardous condition. *E.g.*, *Garnette v. Kroger Co.*, No. 1:19-cv-05859-WMR, 2020 WL 7329587, at *4 (N.D. Ga. Nov. 5, 2020); *Black v. 42 Hotel Cumberland, LLC*, No. 1:16-cv-03385-ELR, 2018 WL 6190352, at *2–*3 (N.D. Ga. Jan. 9, 2018); *Emmanuel v. QuikTrip Corp.*, No. 1:14-cv-2702-MHC, 2015 WL 11578451, at *3 (N.D. Ga. Apr. 14, 2015); *H.J. Wings & Things v. Goodman*, 320 Ga. App. 54, 56 (2013); *Glynn-Brunswick*, 303 Ga. App. at 308. Therefore, CVS is entitled to summary judgment for this reason alone.

> ## *ii.* **CVS's Knowledge of the Condition**

To survive summary judgment, Palmer must present evidence that CVS "had actual or constructive knowledge of the hazard." *Robinson*, 268 Ga. at 748. "Actual knowledge exists where the defendant created the hazard or admits to knowing of the hazard." *Yasin v. Kroger Co.*, No. 1:18-cv-5839-ODE, 2020 WL 3400193, at *3 (N.D. Ga. Mar. 18, 2020). Palmer points to no evidence that CVS or any of its employees created the hazard or had actual knowledge of it. Although Palmer contends someone previously placed tape at the top of the counter, there is no evidence in the record as to the reason (if any) that tape was placed there, nor

does Palmer allege that he tripped over—or hit his knee on—the taped part of the counter. Without evidence of actual knowledge, Palmer must point to evidence that CVS had constructive knowledge of the hazard to survive summary judgment.

> Constructive knowledge can be established in one of two ways: (1) by evidence that employees were in the immediate vicinity and easily could have noticed and removed the hazard, or (2) by evidence that the substance had been on the floor for such a time that (a) it would have been discovered had the proprietor exercised reasonable care in inspecting its premises, and (b) upon being discovered, it would have been cleaned up had the proprietor exercised reasonable care in its method of cleaning its premises.

*Prescott v. Colonial Props. Tr., Inc.*, 283 Ga. App. 753, 755 (2007).

Palmer, however, presents no evidence that a CVS employee was in the immediate vicinity or could have easily removed the hazard—*i.e.*, moving the counter in its entirety. In his response brief, Palmer alludes to a CVS employee behind the register making certain statements after he tripped that indicated the hazard was known. However, Palmer's response brief is not evidence and he otherwise supplies no admissible evidence in this regard. *E.g., Mimbs v. Spalding Cnty. Sch. Dist.*, No. 3:17-cv-00032-TCB-RGV, 2018 WL 7348863, at *11 (N.D. Ga. Dec. 21, 2018) ("[T]he Court cannot consider a fact that is found only in plaintiff's response brief."); *Smith v. Athens Gastroenterology Ass'n, P.C.*, No. 3:16-cv-122

(CDL), 2017 WL 5196393, at *2 (M.D. Ga. Nov. 9, 2017) ("Plaintiff's response brief is not . . . an affidavit or declaration sufficient to oppose summary judgment."). Moreover, Palmer submits no evidence indicating the length of time the hazard had been present or that any CVS employee would have discovered it through a reasonable inspection of the premises. At bottom, even if the Court considered the counter an unreasonable hazard, Palmer has not met his burden of producing evidence that CVS knew of the condition.

### iii. Palmer's Knowledge of the Condition

Finally, when a defendant "establishes negligence on the part of the plaintiff—*i.e.*, that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known," to survive summary judgment the plaintiff must point to evidence that he or she "lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson*, 268 Ga. at 748.

"In cases involving allegations of a static, dangerous condition . . . an invitee's actual knowledge of the condition relieves a proprietor of any duty to warn that invitee of that condition or hazard because the invitee has as much knowledge as the proprietor does." *Norwich v. Shrimp Factory, Inc.*, 332 Ga. App.

159, 161 (2015). "A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it." *Gervin v. Retail Prop. Tr.*, 354 Ga. App. 11, 13 (2020) (citing *Jones Lang LaSalle Operations v. Johnson*, 350 Ga. App. 439, 440 (2019)). Put another way, "[w]hen the claim involves a static condition, if nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks." *D'Elia*, 354 Ga. App. at 698–99 (punctuation omitted*). See also Brown v. W.R.I. Retail Pool I, L.P.*, No. 1:13-cv-00378-ELR, 2015 WL 5692157, at *5 (N.D. Ga. May 20, 2015) ("Georgia Courts have repeatedly held that, in instances of a static, open and obvious condition, summary judgment is appropriate.") (collecting cases). *See also Gray v. Oliver*, 242 Ga. App. 533, 534 (2000) ("[T]he condition was open and obvious, and thus, in the exercise of ordinary care, plaintiff could have avoided it. There is no duty to warn of the obvious.") (brackets omitted).

Here, the parties agree the CVS counter constitutes a static condition. Although Palmer at various times alleges his view of the counter was obstructed, he presents no evidence of this concealment. In fact, the undisputed evidence is inapposite; the photographs relied on by the parties show the counter is painted red and constructed in plain sight. Since the counter is an open and obvious obstacle, Palmer and CVS had equal knowledge of its existence, further

warranting the entry of summary judgment in CVS's favor. *D'Elia*, 354 Ga. App. at 699; *Wright v. JDN Structured Fin., Inc.*, 239 Ga. App. 685, 686 (1999).

In sum, for these three independent reasons, the Court finds that CVS is entitled to summary judgment on Palmer's claim.[18]

### c.   Palmer's Motion for Sanctions

Palmer requests the Court sanction CVS because it "destroyed, erased or altered" evidence.[19] Specifically, Palmer alleges CVS altered surveillance video footage of him having a conversation with the CVS employee after his slip-and-fall.[20] "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). The party seeking sanctions bears "the burden of proof on the spoliation issue, including the legal elements needed to establish spoliation. *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 770 F. Supp. 2d 1299, 1308 (N.D. Ga. 2011) (citing *Eli Lilly & Co. v. Air Express Int'l USA, Inc.*, 615 F.3d 1305, 1318 (11th Cir.

---

[18]   Although CVS expressly requested oral argument, the Court finds it unnecessary to resolve this motion for summary judgment. Therefore, the motion for oral argument is denied as moot.

[19]   ECF 70.

[20]   *Id.*

2010)). The movant must establish that: "(1) the evidence existed at one time; (2) the alleged spoliator was under a duty to preserve the evidence; and (3) the evidence was crucial to the movant being able to prove its *prima facie* case or defense." *Abdulahi v. Wal-Mart Stores E., L.P.*, 76 F. Supp. 3d 1393, 1396 (N.D. Ga. 2014).

Here, CVS provided Palmer with the at-issue video footage of his slip-and-fall on August 30, 2019.[21] Besides his own unsupported allegations in the motion, Palmer provides no evidence that CVS or any other party altered, erased, or otherwise edited any portion of the video. Therefore, Palmer cannot satisfy the first element of spoliation and his motion must be denied. *See, e.g., S. Ins. Co. of Va. v. Mark's Founds., Inc.*, No. 2:09-cv-00069-WCO, 2010 WL 11601726, at *2 (N.D. Ga. May 24, 2010) ("Plaintiff has not presented sufficient facts supporting its speculations of sabotage to justify the imposition of sanctions. Plaintiff has not established the very essence of spoliation: that evidence existed and was destroyed, altered, or concealed.").

---

[21] ECF 73-1.

## IV.   CONCLUSION

CVS's motion for summary judgment [ECF 51] is **GRANTED**; CVS's motion for oral argument [ECF 54] is **DENIED as moot**; and Palmer's motion for sanctions [ECF 70] is **DENIED**. The Clerk is **DIRECTED** to enter judgment in favor of CVS and close the case.

**SO ORDERED** this the 12th day of February 2021.

Steven D. Grimberg
United States District Court Judge