[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11100

Non-Argument Calendar

_____

PAUL A. PALMER, JR.,

                                                                Plaintiff-Appellant,

versus

CVS PHARMACY INC. et al.,

                                                                Defendants,

GEORGIA CVS PHARMACY LLC,

                                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-03178-SDG

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Paul Palmer injured his knee when he tripped over the counter at an Atlanta-area CVS. He sued CVS for negligence based on a premises-liability theory under Georgia law. He also moved for sanctions because, he claimed, CVS "fail[ed] to preserve evidence in its original form." The district court granted CVS's motion for summary judgment and denied Palmer's motion for sanctions. Palmer, proceeding pro se, appeals. We affirm.[1]

---

[1] Palmer also contends that his due-process rights were violated. But because he raises that issue for the first time on appeal, we need not address it. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004). He also asserts that the district court erred when it awarded CVS attorneys' fees. However, there is no fee award included in the district court's order granting summary judgment—nor did CVS seek fees in its motion for summary judgment. *See* Doc. 80 at 17 (District Court's Order Granting Summary Judgment); Doc. 51-1 at 13 (CVS's Brief in Support of Motion for Summary Judgment). Like the due-process issue, then, Palmer's challenge to the nonexistent fee award is not properly before us. *See Access Now*, 385 F.3d at 1332.

I

Under Georgia law, "[w]hen a premises liability cause of action is based on a 'trip and fall' or 'slip and fall' claim"—as is Palmer's—the plaintiff must demonstrate two elements: (1) that "the defendant had actual or constructive knowledge of the hazard; and (2) [that] the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." *American Multi-Cinema, Inc. v. Brown*, 679 S.E.2d 25, 27–28 (Ga. 2009) (citations omitted).[2] But, as a "threshold question," the plaintiff must first demonstrate that "a hazardous condition exists." *Drew v. Istar Fin., Inc.*, 661 S.E.2d 686, 689 (Ga. App. 2008). Because Palmer cannot establish a genuine issue of material fact as to the existence of a hazardous condition, we affirm summary judgment for CVS.

Palmer contends that the CVS counter presented a hazardous condition because it "was loose, protrud[ed] out and below knee level and [was] not in [his] plain view." But that bare assertion is insufficient to establish a fact question about whether the counter constituted a hazardous condition. Palmer has not, for example, provided any "expert affidavit about the construction" of the

---

[2] We review the district court's order granting "summary judgment *de novo* and apply the same legal standard used by the district court, drawing all inferences in the light most favorable to the non-moving party and recognizing that summary judgment is appropriate only where there are no genuine issues of material fact." *Smith v. Owens*, 848 F.3d 975, 978 (11th Cir. 2017).

counter "or any evidence that [CVS] violated any rules, ordinances, or standards pertaining to the structure." *Cohen v. Target Corp.*, 567 S.E.2d 733, 735 (Ga. App. 2002). Because Palmer has failed to provide evidence supporting his assertion that the counter was a hazardous condition, summary judgment was appropriate.[3]

## II

Next, Palmer contends that the district court abused its discretion when it denied his motion for sanctions.[4] On a spoliation-of-evidence claim, the party seeking sanctions bears the burden of proof. *See Eli Lilly & Co. v. Air Express Int'l USA, Inc.*, 615 F.3d 1305, 1318 (11th Cir. 2010). That includes, of course, establishing that spoliation—the destruction or significant alteration of evidence—occurred. *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999); *see also Spoliation*, Black's Law Dictionary (11th ed. 2019).

---

[3] Separately, even if the counter constituted a hazardous condition, summary judgment was warranted because it was open and obvious, as the district court found. In Georgia, when a hazard is "static" and "nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks." *D'Elia v. Phillips Edison & Co.*, 839 S.E.2d 721, 724 (Ga. App. 2020) (quotation omitted). The counter on which Palmer tripped was painted red, unobstructed, and static. Thus, even if it was a hazard, it was open and obvious. Summary judgment was appropriate on that ground alone. *See id.*

[4] "We review the district court's decision regarding spoliation sanctions for abuse of discretion." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 943 (11th Cir. 2005).

21-11100               Opinion of the Court                        5

Apart from bald assertions, Palmer has provided no evidence to support his allegation that CVS altered the videotape of his slip-and-fall incident. He thus failed to carry his burden and the district court did not abuse its discretion when it denied his motion for sanctions.

**AFFIRMED.**

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 02, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-11100-CC
Case Style: Paul Palmer, Jr. v. CVS Pharmacy LLC
District Court Docket No: 1:19-cv-03178-SDG

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion